PER CURIAM.
G.A.K. appeals an adjudication of delinquency for petit theft. We hold that the evidence was insufficient to support the adjudication. After reviewing the record, we find it apparent that the state based its case upon the principle that one unexplain-ably in possession of recently stolen property may be successfully prosecuted for larceny. However, the state failed to show G.A.K. possessed the subject property. At the time the property was discovered, G.A.K. was restrained at the juvenile detention center as a runaway. Detective Kelly, suspecting that G.A.K. was involved in the larceny, went to the center and asked to see all items taken from appellant. Kelly found the stolen property inside a paper bag with G.A.K.’s name on it. This is the extent of the evidence showing possession. No intake officer testified. Additionally, the case for reversal becomes most compel *439 ling considering that the inventory sheet failed to list the items purportedly taken. The assistant supervisor of the juvenile detention center testified that all items taken from a juvenile are listed on an inventory sheet. He examined the inventory sheet in this case and stated that he would assume that when G.A.K. signed the envelope acknowledging its contents, it apparently did not contain the stolen property. Reversed and remanded with instructions to discharge appellant.
MILLS, C. J., and McCORD and BOOTH, JJ., concur.